# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re:<br><br>ALBERT PHOENIX and<br>SANDRA D. PHONEIX,<br><br>    Debtors. | Case No.  04-15219-RGM<br>(Chapter 7) |
| THOMASEMA F. PANNELL,<br><br>    Plaintiff,<br><br>vs.<br><br>ALBERT PHOENIX,<br><br>    Defendant. | Adv. Proc. No. 05-1248 |

## MEMORANDUM OPINION

THIS CASE is before the court on the debtor's motion to dismiss the case for failure to state a claim upon which relief can be granted.

Thomasema F. Pannell filed this complaint on April 1, 2005. She asserts that Mr. Phoenix is indebted to her for $3,050.00 for negligent work that he did on her home. The initial complaint was in the form of a letter and did not allege anything beyond the fact that Mr. Phoenix did work for her which was not satisfactory. The debtor filed a motion to dismiss which was granted on August 9, 2005. Ms. Pannell was granted leave to file an amended complaint on or before September 8, 2005. She filed a letter on September 7, 2005, which appeared to request an extension of time and a motion for an extension of time on October 14, 2005. She was granted an extension through and including December 13, 2005. On December 13, 2005, she filed the present amended complaint. On January 4, 2006, the debtor again filed a motion to dismiss for failure to state a claim.

The court reviewed the entire file and the complaints. Ms. Pannell asserts that Mr. Phoenix performed home improvements on her property and was paid $3,050.00. She asserts that the work was not satisfactory and that he was not certified to perform the work. These allegations do not rise to a complaint under §523. They state a cause of action for a breach of contract for which Ms. Pannell has apparently already recovered judgment in the General District Court. There is a difference, however, between a breach of a contract and non-dischargeability of debt. Most debts are discharged in bankruptcy. Section 523 provides exceptions. The exception that would probably be applicable in this case is §523(a)(2) which is a debt obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtors or an insiders' financial condition". The amended complaint filed does not rise to this level. It states a claim for breach of contract, but not fraud. It must, therefore, be dismissed. In light of the opportunities to the amendment to the complaint and the prior extensions of time, the complaint should be dismissed with prejudice.

    Alexandria, Virginia
    February 23, 2006

    /s/ Robert G. Mayer
    Robert G. Mayer
    United States Bankruptcy Judge

Copy electronically to:

Thomas O. Murphy

Copy mailed to:

Thomasema F. Pannell
4357 Huntley Court
Woodbridge, Virginia 22192

12763